# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CRIMINAL CASE NO.: |
| | : | |
| v. | : | 1:11-CR-136-CAP |
| | : | |
| JIMMY RAY WHORTON | : | |
| | : | |
| Defendant. | : | |

## MOTION FOR REVOCATION OF MAGISTRATE'S ORDER GRANTING GOVERNMENT'S MOTION FOR DETENTION

JIMMY RAY WHORTON hereby moves, pursuant to 18 U.S.C. § 3145(b), to revoke the Magistrate's order granting the government's motion for detention.[1] Said motion was granted on 4/5/2011.[2]

1.

Mr. Whorton has been charged in an indictment with Count 1, knowingly and intentionally to manufacture, distribute, and possess with the intent to distribute, a controlled substance, said conspiracy involving at least one (100) marijuana plants, in violation of Title 21, United States Code, Sections

---

[1] For non-dispositive matters, a party may serve and file objection to an order by a magistrate judge within 14-days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. Fed. R. Crim. P. 59(a). Rule 59(a) further provides that the district judge "must consider timely objections and modify or set aside any part of the order that is

[2] Undersigned counsel has requested transcription of the audiotape of the Detention Hearing for this Court's consideration.

841(b)(1)(B)(vii) and 846; Count 2, knowingly and intentionally possess with the intent to distribute at least one hundred (100) marijuana plants, in violation of Title 2, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vii) and Title 18, United States Code, Section 2; and Count 3, knowingly possess firearms in furtherance of drug trafficking crimes, as described in Counts One and Two. There is also a forfeiture provision in the indictment.[3]

2.

Mr. Whorton was arrested and charged on these same allegations by Henry County on or about 12/16/10.[4] After a full hearing, the Magistrate Court in Henry County granted Mr. Whorton a bond in the amount of $100,000.00.

3.

With regards to the burden of proof used by State Magistrate Court Judges in determining whether bail is appropriate, the Supreme Court of Georgia in Ayala v. State, 262 Ga. 704, 706, 425 S.E.2d 282, 285 (1993), stated:

> To protect this presumption of innocence, we hold that the state has the burden of persuasion in convincing the superior court that a defendant is not entitled to pretrial release. This requirement means the state has the burden

---

[3] Mr. Whorton's home and business were searched and no contraband or weapons of any kind were found.

[4] While the State case was not indicted at the time of the arrest, Mr. Whorton was charged with drug trafficking, which carries a mandatory minimum penalty of five years in custody (which is identical to the punishment under 21 U.S.C. § 841(b)(1)(B)(vii)).

of proving by a preponderance of the evidence that the trial court should deny bail either to secure the defendant's appearance in court or to protect the community. Depending on the quality of the defendant's evidence, the state may not need to present any evidence to carry its burden of persuasion. **Other states and the Federal Bail Reform Act…place a similar burden of proof on the government.**

<u>Ayala</u> at 706.[5]

3.

Mr. Whorton's counsel, in January 2011, after being told by Henry County law enforcement that the case at bar may be forwarded to federal authorities, telephoned AUSA Michael Smith and advised him that undersigned counsel represented Mr. Whorton.

4.

AUSA Smith contacted undersigned counsel on 4/4/11 and Mr. Whorton, within two hours of the phone call, turned himself in to the U.S. Marshall's Office.

5a.

In support of the order for detention, the Magistrate Judge erred in ruling that the "presumption" that is inherent in every indicted drug case was not overcome and that Mr. Whorton was a flight risk. Specifically, the Magistrate Court cites to Mr. Whorton's prior drug conviction and associated "bail jumping"

---

[5] *See* 18 U.S.C. § 1342(b) which states a preponderance of the evidence standard for "risk of flight" or a clear and convincing standard for endangering the safety of others or the community.

case from 1985 to rule that the Defendant did not rebut the presumption against the granting of bail.[6]

5b.

18 U.S.C. §1342(e)(2) requires three conditions to be met in order for the presumption to withstand a challenge by the Defendant. One of those conditions is that convictions over five years old from the time of the current incident cannot be used to validate the "rebuttable presumption." As such, the government failed to meet each of the three prongs required and the presumption against bail cannot succeed. Thus, the Magistrate's finding that the Defendant did not "rebut" the presumption is erroneous.

6.

Mr. Whorton was on bail on this exact same case with no issues for nearly four months prior to his case being transferred to federal jurisdiction. He did not flee, threaten anyone or do anything inconsistent with the law. Now to suddenly say he is a flight risk is arbitrary and not based on any facts presented at the detention hearing.

---

[6] The Pre-Trial Services Report lists multiple entries as to this drug case and bail jumping conviction. These dates: 11/5/85, 12/12/86, 12/24/86 and 12/31/86 all relate to the same conduct. The bail jumping case seems to involve a time frame of less than one month. Mr. Whorton served a concurrent sentence on the drug and bail jumping charge between federal and state authorities.

7.

Mr. Whorton is a 57-year old man. He is a citizen of the United States. Mr. Whorton resides in Stockbridge, Georgia, Henry County, with his wife Sandi Whorton and their child, Jesse Whorton. They have lived here for over 13 years. They own the home they live in. They have operated the same small business for over 13 years, paid their taxes and been productive members of the community.

WHEREFORE, Mr. Whorton asks this Court to revoke the Magistrate Judge's order granting the Government's motion for detention and order a reasonable bail for Mr. Whorton.

Respectfully submitted,

/s/ Manubir S. Arora
MANUBIR S. ARORA
Georgia Bar No. 061641
Counsel for Defendant Jimmy Whorton

ARORA & LaSCALA, LLC
75 W. Wieuca Road, N.E.
Atlanta, Georgia 30342
(404) 881-8866
manny@aroralascala.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CRIMINAL CASE NO.: |
| | : | |
| v. | : | 1:11-CR-136-CAP |
| | : | |
| JIMMY RAY WHORTON | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed a copy of the within and foregoing **MOTION FOR REVOCATION OF MAGISTRATE'S ORDER GRANTING THE GOVERNMENT'S MOTION FOR DETENTION,** regarding the above-styled case upon Michael Smith, Esquire, Assistant United States Attorney, United States District of Georgia, Northern District of Georgia, Atlanta Division, United States Courthouse, 75 Spring Street, Atlanta, Georgia 30303, via the federal e-filing system.

This the 12th day of April, 2011.

                                                ARORA & LASCALA, LLC

                                                By:   /s/ Manubir Arora
                                                        MANUBIR S. ARORA
                                                        Georgia Bar No. 061641

75 W. Wieuca Road, N.E.
Atlanta, Georgia 30342
Office: (404) 881-8866, Fax: (404) 214-0116